Charles J. KUNKEL, Jr.,
et al, Respondents,

v.

Jerry L. HERTZOG, et al, Appellants.

No. WD 64412.

Missouri Court of Appeals,
Western District.

Nov. 15, 2005.

Elvin S. Douglas, Jr., Esq., Harrisonville, MO, for appellants.

Sherwin L. Epstein, Esq., Kansas City, MO, for respondents.

Before HARDWICK, P.J., BRECKENRIDGE and SPINDEN, JJ.

LISA WHITE HARDWICK, Judge.

Jerry and Helen Hertzog appeal from a partial summary judgment awarding Charles and Catherine Kunkel $49,000 on a breach of contract claim. We dismiss the appeal for lack of jurisdiction because no final judgment has been entered.

FACTUAL AND PROCEDURAL HISTORY

On November 20, 2002, the Kunkels entered into a real estate contract to purchase commercial property, located in Lee's Summit, Missouri, from the Hertzogs.[1] The purchase price was $550,000, of which the Kunkels paid a $49,000 depos-

---

1. The Hertzogs held a right of acquisition on the property and planned to purchase it at a foreclosure sale on December 2, 2002, and then immediately sell the property to the Kunkels.

it upon execution of the contract. A closing date was set for December 2, 2002, but the transaction was not completed by that date. The Kunkels thereafter requested a refund of their deposit. The Hertzogs refused any refund, contending the Kunkels forfeited the deposit by failing to make full payment of the contract price by the closing date.

The Kunkels filed a Petition against the Hertzogs in Jackson County Circuit Court, seeking to rescind the contract and recover the $49,000 deposit.[2] The Kunkels claimed the Hertzogs breached the real estate contract by failing to provide a preliminary title report and commitment for title insurance prior to the closing date. Later, the Kunkels amended the petition to add claims for fraudulent misrepresentation and negligent misrepresentation. These additional claims asserted that the Hertzogs falsely stated their intention to provide "title work" in the contract, and that the Kunkels paid the $49,000 deposit in reliance on the misrepresentation.

The Hertzogs filed an Answer denying the allegations of breach of contract and fraudulent/negligent misrepresentation. With regard to the breach of contract claim, the Hertzogs affirmatively alleged that the real estate transaction was not completed because the Kunkels had "advised Defendants that they were unable to obtain financing ... even though the contract was not contingent upon financing."

The Kunkels filed a motion for partial summary judgment on the breach of contract claim. The court granted the motion and entered a judgment ordering the Hertzogs to refund the $49,000 deposit and pay interest and court costs. Although the judgment did not dispose of all claims in the lawsuit, the court entered an order pursuant to Rule 74.01(b),[3] declaring there was "no just reason for delay and [the Hertzogs] should be permitted to file their appeal" on the breach of contract claim.

## JURISDICTIONAL DEFECT

In their sole point on appeal, the Hertzogs contend the circuit court erred in granting summary judgment on the breach of contract claim because there was a genuine issue of material fact on the affirmative defense of anticipatory repudiation. We cannot address this point, however, without first determining our jurisdiction to review the partial judgment rendered.

■■■ Although neither party questions the authority of the trial court to certify the summary judgment as appealable under Rule 74.01, we must consider the issue *sua sponte* as it affects our jurisdiction. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). The existence of a final judgment is a prerequisite for appellate review under Section 512.020, RSMO 2000. *Id.* An appealable judgment resolves all issues in a case and leaves nothing for future determination. *Id.* If the circuit court's judgment is not final, we lack appellate jurisdiction and the appeal must be dismissed. *Id.*

■■■ Rule 74.01(b) provides an exception to the finality rule in cases involving multiple claims. This exception allows the circuit court to enter judgment on less than all claims and certify that there is "no just reason for delay." Rule 74.01(b).

---

2. The Petition also included a conversion claim, which alleged that the Hertzogs failed to deliver key components of a telephone system the Kunkels had purchased from the Hertzogs in October 2002. The conversion claim arose from factual circumstances entirely separate from the real estate transaction, and is not at issue in this appeal.

3. All rule citations are to the Missouri Rules of Civil Procedure (2005), unless otherwise noted.

However, the ruling that a partial judgment is final and appealable is not conclusive. *Gibson*, 952 S.W.2d at 244. "It is the content, substance, and effect of the order that determines finality and appealability." *Id.* This court must ultimately decide whether the judgment certified under Rule 74.01 actually qualifies as a final judgment for purposes of appeal. *Fischer v. City of Washington*, 55 S.W.3d 372, 377 (Mo.App.2001).

A circuit court's order declaring the finality of particular claims, under Rule 74.01, is only effective when it "disposes of a distinct 'judicial unit.'" *Gibson*, 952 S.W.2d at 244. Such disposition occurs when the court enters final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction, which does not dispose of the claim. *Id.* As the Supreme Court explained in *Gibson:*

> An order dismissing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation. It is "differing," "separate," "distinct" transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim.

*Id.* (citations omitted).

Here, the Kunkels asserted claims for breach of contract, fraudulent misrepresentation, and negligent misrepresentation, all of which were based on the real estate transaction that was scheduled to close on December 2, 2002. In the Amended Petition, the facts supporting the Count I breach of contract claim were expressly incorporated in the Count III and IV misrepresentation claims. The circuit court granted summary judgment on the breach of contract claim and then certified the matter for appeal, without dismissing or otherwise addressing the related claims in Counts III and IV.

The pending misrepresentation claims clearly arise from the same set of facts and the same transaction as the breach of contract claim. Accordingly, the circuit court erred in certifying this matter for appeal because the summary judgment did not dispose of a distinct judicial unit. The judgment is neither final nor appealable as long as Counts III and IV remain pending. This court lacks appellate jurisdiction and, thus, the appeal is dismissed.

All concur.